Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com

Attorney for Plaintiff Ashley Lauren Watts

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ASHLEY LAUREN WATTS,

     Plaintiff,

     vs.

CITY OF NEWPORT BEACH,
CHRISTINE MARONEY, MONICA
AGUILAR, JAMISON HUGHES,
JOSHUA COMTE, AMERICAN
GROUND TRANSPORTATION, INC.,
a California corporation, dba 24/7
YELLOW CAB and dba 24/7 TAXI
CAB, ALI KHANDANTABRIZI, and
DOES 1 through 10, inclusive,

     Defendants.

Case No.:

COMPLAINT FOR DAMAGES FOR
VIOLATION OF FEDERAL
CONSTITUTIONAL RIGHTS
UNDER COLOR OF STATE LAW (42
U.S.C. § 1983) FEDERAL
CONSTITUTIONAL CLAIMS FOR
VIOLATION OF FOURTH
AMENDMENT RIGHTS –
UNLAWFUL / UNREASONABLE
SEIZURE OF PERSON; VIOLATION
OF FOURTH AMENDMENT RIGHTS
USE OF EXCESSIVE /
UNREASONABLE  FORCE UPON
PERSON;  VIOLATION OF FOURTH
AMENDMENT RIGHTS
UNREASONABLE / UNLAWFUL
ENTRY INTO AND SEARCH AND
SEIZURE OF PRIVATE RESIDENCE;
VIOLATION OF FIRST
AMENDMENT RIGHTS [RIGHT TO
PETITION GOVERNMENT FOR
REDRESS OF GRIEVANCES /

COMPLAINT FOR DAMAGES

1

1
2
3
4
5
6
7
8
9

FREEDOM OF SPEECH];
VIOLATION OF FOURTH
AMENDMENT RIGHT TO BE FREE
FROM A MALICIOUS
PROSECUTION; *MONELL* CLAIM
FOR ESTABLISHMENT OF POLICY,
PRACTICE AND CUSTOM OF
CONSTITUTIONAL VIOLATIONS;
*MONELL* CLAIM FOR FAILURE TO
TRAIN; AND CALIFORNIA STATE
LAW CLAIM FOR FALSE ARREST /
FALSE IMPRISONMENT

**COMES NOW** plaintiff ASHLEY LAUREN WATTS and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1.       As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.       As the incidents complained of in this action occurred in the City of Newport Beach, County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.       As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

### GENERAL ALLEGATIONS

COMPLAINT FOR DAMAGES

2

4.     Plaintiff Ashley Lauren Watts, hereinafter referred to as "ASHLEY WATTS" and/or "plaintiff" and/or "WATTS" is a natural person, who, at all times complained of in this action, resided in the State of California.

5.     Defendant City of City of Newport Beach ("CITY") is a municipal entity located in the County of Orange, State of California; within the territorial jurisdiction of this court.

6.     Defendant Christine Maroney, hereinafter also referred to as "MARONEY", is, and at all times complained of herein, was, a Newport Beach Police Officer, acting as an individual person under the color of state law, in her individual capacity, and was acting in the course of and within the scope of her employment with defendant CITY.

7.     Defendant Monica Aguilar, hereinafter also referred to as "AGUILAR", is, and at all times complained of herein, was, a Newport Beach Police Officer, acting as an individual person under the color of state law, in her individual capacity, and was acting in the course of and within the scope of her employment with defendant CITY.

8.     Defendant Jamison Hughes, hereinafter also referred to as "HUGHES", is, and at all times complained of herein, was, a Newport Beach Police Officer, acting as an individual person under the color of state law, in his individual capacity, and was acting in the course of and within the scope of his employment with defendant CITY.

9.     Defendant Joshua Comte, hereinafter also referred to as "COMTE", is, and at all times complained of herein, was, a Newport Beach Police Officer, A Sergeant and a Supervisor, acting as an individual person under the color of state law, in his individual capacity, and not in his official capacity, and was acting in the course of and within the scope of his employment with defendant CITY.

10.    Defendant American Ground Transportation, Inc., doing business as "24/7 Yellow Cab" and doing business as "24/7 Taxi Cab," hereinafter referred to

COMPLAINT FOR DAMAGES

"AMERICAN," is a California Corporation, doing business in the State of California, within the territorial jurisdiction of this court.

11.    Defendant Ali Khandantabrizi, hereinafter "KHANDANTABRIZI," is, and at all times complained herein, was, a taxi cab driver/operator employed by defendant AMERICAN. At all times complained of herein, KHANDANTABRIZI was acting as an agent/representative/employee of defendant AMERICAN, pursuant to his status as a taxi cab river/operator, and was acting in the course of and within the scope of his employment with defendant AMERICAN.

12.    Defendants DOES 1 through 5, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Newport Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this instant action. DOES 1 through 5, inclusive, are natural persons whose identities are presently unknown to plaintiff, who, therefore, sue these persons by the fictitious name DOE.

13.    At all times complained of herein, DOES 1 through 5, inclusive, were acting pursuant to their authority as sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Newport Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant CITY, and as individual persons, acting under the color of state law.

COMPLAINT FOR DAMAGES

Plaintiff will amend her complaint to show the true identities of DOES 1 through 5, inclusive, when she becomes aware of said identities.

14.     Defendants DOES 6 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Newport Beach Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiffs in this action, such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate police officers, approving unlawful actions of subordinate police officers, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train Newport Beach Police Department personnel in the use of force, and/or by causing / creating the policies, customs and practices of the Newport Beach Police Department that resulted in the actions by the defendant police officers complained of in this instant action.

15.     At all times complained of herein, DOES 6 through 10, inclusive, were acting pursuant to their authority as the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Newport Beach Police Department and/or otherwise with CITY, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY, and were acting as individual persons acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 6 through 10, inclusive, when they become aware of said identities.

16.     At all times complained of herein, defendants DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace

COMPLAINT FOR DAMAGES

officers (as described above) and/or policy making officers / officials and/or final policy making peace officers / officials, with the Newport Beach Police Department and/or otherwise with defendant CITY.

17.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Newport Beach Police Department / CITY, for, inter alia, for: 1) for using excessive / unreasonable force on persons;  2) for unlawfully seizing (detaining and arresting) persons; 3) for unlawfully searching persons ; 4) for unlawfully seizing private property and for ejecting persons from private residences and for unlawfully searching  private residences; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by Newport Beach Police Department personnel, and 12) for performing unlawful warrantless searches of private residences , and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

18.     In addition, defendant CITY had notice of other false arrests and other incidents of the use of unreasonable force upon civilians by said individual defendants to this action, especially MARONEY and AGUILAR, and failed to take any corrective / disciplinary actions against MARONEY and AGUILAR, and DOES and others.  In addition, defendants MARONEY and AGUILAR and all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and

COMPLAINT FOR DAMAGES

understanding and common plan and scheme to deprive the plaintiff her federal constitutional and statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiff of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

19.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below.

## FIRST CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By plaintiff against defendants CITY, MARONEY, AGUILAR, HUGHES, COMTE, AMERICAN GROUND TRANSPORTATION, INC., A CALIFORNIA CORPORATION, DBA 24/7 YELLOW CAB AND DBA 24/7 TAXI CAB, ALI KHANDANTABRIZI and DOES 1 through 10, inclusive)

20.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as though set forth in full herein.

21.    On the early morning of June 26, 2016, plaintiff Ashley Lauren Watts was at the Island Hotel in Newport Beach and summoned a cab for a ride home, driven by defendant KHANDANTABRIZI, who was driving the cab pursuant to his employment with AMERICAN.

22.    When plaintiff arrived home at 1403 Superior Avenue in Newport Beach, plaintiff attempted to pay defendant KHANDANTABRIZI for her ride using her credit card.

23.    Plaintiff's credit card was declined, and plaintiff attempted to go inside her home to obtain cash to pay for the $16.70 cab fare; but defendant KHANDANTABRIZI refused to allow plaintiff to go inside her home to get

COMPLAINT FOR DAMAGES

money to pay for the cab fare, and instead called "911" and summoned police to the scene.

24.     Shortly thereafter, defendants MARONEY, AGUILAR and DOES 1 to 2, arrived at the scene.

25.     Plaintiff was told by MARONEY, AGUILAR and DOES 1 to 2 that she needed to pay the cab fare or she was going to jail, compounding the alleged "crime."

26.     Plaintiff asked MARONEY, AGUILAR and DOES 1 to 2 if she could go inside her home to obtain money to pay for the cab fare and they agreed to accompany the plaintiff to her home to obtain the money to pay the cab fare.

27.     Defendants asked MARONEY, AGUILAR and DOES 1 to 2 accompanied plaintiff to her home to obtain money for the $16.70 cab fare.

28.     However, upon reaching plaintiff's front door, defendants MARONEY, AGUILAR and DOES 1 to 2 then entered the plaintiff's home and followed her inside of her home, without ever asking for permission to do so, and in the absence of any legal grounds to do so.

29.     Plaintiff verbally protested the unlawful/unreasonable entry into her home and told defendants MARONEY, AGUILAR and DOES 1 to 2 that she did not invite the officers inside of her home and that she didn't want them inside of the home, so the officers told her: "Okay, then we're taking you to jail."

30.     Said defendants became agitated with Ms. Watts for merely refusing to consent to a warrantless police entry into her home and verbally protesting the same; something that she had an absolute right to do.

31.     After their unlawful entry into plaintiff's home, defendants MARONEY, AGUILAR and DOES 1 to 2 then closed the front door and proceeded to grab plaintiff Ashley Watts, first by slamming her face first into a wall inside her home, then kicking her feet out from under her sending plaintiff to the ground, causing injury to plaintiff's head and knee in the entryway of

COMPLAINT FOR DAMAGES

plaintiff's home, severely injuring plaintiff in a showing of unreasonable and unlawful use of excessive force.

32.     Defendants MARONEY, AGUILAR and DOES 1 to 2 then proceeded to violently tackle plaintiff, with one officer's knees on her back and another officer's knees on her legs, severely injuring plaintiff in a showing of unreasonable and unlawful use of excessive force.

33.     Said defendants then proceeded to twist plaintiff's arms behind her back, severely injuring plaintiff, and placed two pairs of handcuffs upon plaintiff. The handcuffs were cinched down so tightly such as to cause injury to plaintiff's wrists, in another showing of unreasonable and unlawful use of excessive force.

34.     Plaintiff Ashley Watts was then unlawfully dragged out of her home and taken to jail at the Newport Beach Police station and held for approximately eight hours, when she was released on a Notice to Appear in court. Plaintiff was never given the opportunity to pay for her $16.70 cab fare, yet had her home unlawfully searched after she had been dragged from her home in handcuffs.

35.     After plaintiff's false arrest, defendant KHANDANTABRIZI signed a private person's arrest form for the arrest and for the requested false criminal prosecution of the plaintiff and requested that the plaintiff be jailed and prosecuted, full well knowing that the plaintiff had not committed any crime.

36.      On or about July 29, 2016, Orange County Deputy District Attorney, Kristen Chenoweth, relying on the fabricated police reports authored by MARONEY and AGUILAR, filed bogus criminal charges against plaintiff Ashley Watts for alleged violations California Penal Code §§ 484(a)-488 (Petty Theft) and 647(f) (Public Intoxication); *People of the State of California v. Ashley Watts*; Orange County Superior Court Case No. 16HM08588.

37.     On or about November 29, 2016, said misdemeanor criminal case against the plaintiff (Case No. 16HM08588) was dismissed by the Orange County District Attorney's Office in the interest of justice, because plaintiff's criminal

COMPLAINT FOR DAMAGES

lawyer secured the defendants' police recordings, that proved the plaintiff's innocence.

38.    In their arrest reports of the incident, both defendants MARONEY and AGUILAR attempted to minimize their use of force by suggesting that they "guided" and "escorted" plaintiff Ashley Watts to the ground. However, both defendants MARONEY and AGUILAR intentionally and brutally tackled plaintiff to the ground. The audio recording of the incident accurately displays the aggression and ferocity with which both defendants MARONEY and AGUILAR unilaterally decided to use force upon the plaintiff while falsely arresting her. These are a dubious claims, as the recording clearly shows the defendants brutally taking down the plaintiff Ashley Watts, who stands four feet eleven inches tall; that plaintiff was taken to the ground, tackled and excessively handcuffed with two pair of handcuffs, out of pure retaliatory rage.

39.    Moreover, in her report, defendant MARONEY wrote "Watts was now also considered in violation of 148(A)(1) PC – Resist / Delay /Obstruct a police officer"—something that was not true at all.

40.    In addition, defendant bystander and supervisory personnel HUGHES and COMTE arrived at the scene, and defendant bystander and supervisory personnel HUGHES and COMTE and DOES 1 through 10, inclusive, approved, encouraged and ratified the unlawful conduct of their associate and subordinate officers, under the color of law and in a bystander and supervisory capacity as Sergeant / Corporal / Watch Commander / Lieutenant / Captain  or some other supervisor that should have reasonably known that the plaintiff's constitutional rights were being violated; and failed to intervene to protect the rights of the plaintiff and prevent the plaintiff from being falsely detained and arrested in her own home when plaintiff had not committed any crime whatsoever, falsely seized and brutally taken to the ground by said defendant police officers.

41.    Accordingly, said seizure of the plaintiff, as well as the unlawful

COMPLAINT FOR DAMAGES

entry into plaintiff's home and the unlawful search of the plaintiff's home, was done by all of said defendants, in violation of the plaintiff's right to be free from unreasonable seizures of her person under the Fourth Amendment to the United States Constitution, and via bystander and via supervisory liability for the same for defendants HUGHES, COMTE and DOES 6 through 10, inclusive, should have reasonably known that their subordinate officers were depriving the plaintiff of her constitutional rights.

42.    Accordingly, the unlawful seizure of plaintiff and her home and the unlawful search of plaintiff's home, by defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY, KHANDANTABRIZI, AMERICAN and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable and unlawful seizure of her person and property, without a warrant, without reasonable suspicion of criminality afoot by the plaintiff, and without probable cause to believe that the plaintiff had committed a crime; in violation of her right to be free from such an unlawful and unreasonable seizure of her person and property under the Fourth Amendment to the United States Constitution.

43.    As a direct and proximate result of the actions of defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY and DOES 1 through 10, inclusive's unlawful and unreasonable seizure of plaintiff and the unlawful search and seizure of plaintiff's home, plaintiff Ashley Watts: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

44.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient

COMPLAINT FOR DAMAGES

for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $10,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights**
**Excessive / Unreasonable Use of Force on Person**
**(By Plaintiff Against defendants CITY, MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive)**

45.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.     As mentioned above and in addition to the above and foregoing, when plaintiff was unlawfully detained and arrested in her own home, she was brutally tackled to the ground by defendants MARONEY, AGUILAR, and DOES 1 and 2, inclusive, and otherwise brutalized by said defendants, causing plaintiff a tremendous amount of trauma and distress which required medical after the subject incident.

47.     The actions of defendants MARONEY, AGUILAR and said DOE defendants, as complained above herein, constituted a violation of Ashley Watts' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

48.     As a direct and proximate result of the actions of defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY and DOES 1 through 10, inclusive, plaintiff Ashley Watts was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at

COMPLAINT FOR DAMAGES
12

trial; in excess of $10,000,000.00.

49.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Ashley Watts' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into And Search and Seizure of Private Residence; (By Plaintiff Against defendants CITY, MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive)**

50.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.  On June 26, 2016 plaintiff Ashley Watts was a resident of 1403 Superior Avenue, Newport Beach, California.

52.  Defendants MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive, had no search warrant or arrest warrant for plaintiff Ashley Watts, had no voluntary consent to have entered, seized and searched plaintiff Ashley Watts' home, had no lawful reason to have forced plaintiff Ashley Watts to the ground and dragged her out of her home, had no lawful reason to have seized plaintiff Ashley Watts in any way, nor to have entered or searched plaintiff's home, which they did.

53.  In addition, there was no consent, emergency or exigent circumstances then readily apparent, and was plenty of time for defendants MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive, to have obtained a search warrant for the plaintiff's home if they believed any grounds then existed to obtain a search warrant.

54. Furthermore, defendants MARONEY, AGUILAR, HUGHES, COMTE

COMPLAINT FOR DAMAGES

13

and DOES 1 through 10, inclusive, also participated in, aided, abetted, encouraged or otherwise caused the deprivation and violation of plaintiff's Fourth Amendment rights, as complained of in this action.

55. Accordingly, the conduct of defendants MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff Ashley Watts' rights to be free from an unlawful entry into, and unlawful search and seizure of her home under the Fourth Amendment to the United States Constitution.

56. As a direct and proximate result of the actions of defendants MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of her real property and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

57. The actions of defendants MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation Of First Amendment Right To
Right to Freedom Of Speech/Right To Petition Government For Redress Of Grievances [42 U.S.C. § 1983]
(By Plaintiff Against defendants CITY, MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive)**

58.    Plaintiff hereby realleges and incorporates by reference the

COMPLAINT FOR DAMAGES

14

allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

59.     The main motivating factor for the unlawful seizure of plaintiff by defendants, for the defendants' use of force upon her and brutally tackling her to the ground, and the recommendation by defendant MARONEY that plaintiff be charged with violating Cal. Penal Code § 148(a)(1) of, and for the use of unreasonable force upon, plaintiff Ashley Watts, was to retaliate against her for protesting her unlawful seizure and the use of unreasonable force upon her and upon her husband by defendants MARONEY, AGUILAR, and DOES 1 through 10, inclusive, and was done in retaliation for plaintiff Ashley Watts redressing her grievances to MARONEY, AGUILAR, and DOES 1 through 10, inclusive, and for other acts of protected speech to other government officials. Accordingly, said conspiracy of the defendants, and each of them, to falsely seize and to recommend the prosecution of plaintiff, was done to deprive her / in retaliation for Ashley Watts' exercise of her First Amendment rights.

60.     Moreover, the use of unreasonable force upon plaintiff and her unlawful seizure, as well as her malicious criminal prosecution, was done / procured to further deprive her / in retaliation for plaintiff Ashley Watts' exercise of her First Amendment rights. Accordingly, a substantial or motivating factor in the decision of MARONEY, AGUILAR, and DOES to take the adverse actions against the plaintiff complained of in this action was plaintiff's verbal protest of the defendants' presence in her home / their unlawful entry into her home.

61.     Plaintiff Ashley Watts' verbal protests to defendants MARONEY, AGUILAR, and DOES 1 through 10, inclusive, for being assaulted, battered, and falsely seized in her own home was speech that is/are protected by the First Amendment to the United States Constitution.

62.     A substantial or motivating factor in the decision of the defendants to take said actions in against plaintiff Ashley Watts, was her exercise of her right to

COMPLAINT FOR DAMAGES

15

freedom of speech / right to petition, as described above.

63.     But for Ashley Watts' exercise of her right to freedom of speech / right to petition as described above, said defendants would not have taken the actions against Ashley Watts that they did.

64.     As a direct and proximate result of defendants' actions, above-referenced, plaintiff Ashley Watts was substantially physically, mentally and emotionally injured, and she incurred medical and psychological costs/bills and expenses, attorney's fees and costs, lost profits / wages, and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $10,000,000.00.

65.     The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $10,000,000.00.

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Claim Against Local Governing Body Defendants Based On Failure To Train
### (By Plaintiff Against Defendant CITY)

66.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.     As shown above, when defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY and DOES 1 through 10, inclusive, deprived plaintiff Ashley Watts of her particular rights under the United States Constitution, they were acting under the color of state law.

68.     The training policies of defendant CITY and DOES 1 through 10, inclusive, were not adequate to train their police officers and other sworn peace officer / public officer personnel to handle the usual and recurring situations with

COMPLAINT FOR DAMAGES

16

which they must deal with, to wit; defendant CITY and DOES 1 through 10, inclusive, failed to properly train its police officers and other sworn peace officer / public officer personnel to not to: 1) use excessive / unreasonable force on persons; 2) unlawfully seize persons; 3) unlawfully search persons; 4) falsely arrest and falsely imprison persons; 5) unlawfully seizing private property; 6) eject persons from their private residences; 6) unlawfully search and damage private residences; 7) interfere with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) interfere with persons' rights to remain in their private residences; 9) cover-up unlawful and tortious conduct by the Newport Beach Police Department personnel, and 10) perform unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action, because of such failure to so properly train said defendants and their other personnel.

69.    Defendants CITY and DOES 1 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer / public officer personnel adequately; and;

70.    The failure of defendants CITY and DOES 1 through 10, inclusive, to provide such adequate training caused the deprivation of plaintiff' rights by the defendants CITY and DOES 1 through 10, inclusive; that is, the defendants' failure to train was so closely related to the deprivation of plaintiff' rights as to be the moving force that caused the ultimate injury.

71.    As a direct and proximate result of the actions of defendants CITY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) were substantially physically, mentally and emotionally injured and endured great physical, mental and emotional suffering; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred substantial lost profits and wages; 4)

COMPLAINT FOR DAMAGES

17

incurred damages to their home, 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
**VIOLATION OF 42 U.S.C. § 1983**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By Plaintiff Against Defendant CITY)**

72.      Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.      As shown above, the actions of defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY and DOES 1 through 10, inclusive, deprived the plaintiff of her particular rights under the United States Constitution and under the California Constitution, as described above.

74.      At all times complained of herein, defendants MARONEY, AGUILAR, HUGHES, COMTE, CITY and DOES 1 through 10, inclusive, were acting pursuant to the policies, customs, usages and practices of the Newport Beach Police Department: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons; 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for unlawfully seizing private property and for ejecting persons from private residences; 6) for unlawful searching  private residences; 7) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for

COMPLAINT FOR DAMAGES
18

interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by the Newport Beach Police Department personnel, and 12) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

75.    Said actions of said defendants were done by them under the color of state law.

76.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendant CITY and DOES 1 through 10, inclusive, above-described, defendants committed said actions complained of above.

77.    As a direct and proximate result of the actions of defendant CITY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost profits and wages, and 4) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

## SEVENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### [42 U.S.C. § 1983]
### (By Plaintiff Against defendants CITY, MARONEY, AGUILAR, HUGHES, COMTE and DOES 1 through 10, inclusive)

78.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 74, inclusive, above, as though set forth in full herein.

79.    As shown above, because of the plaintiff's exercise of her protected

COMPLAINT FOR DAMAGES

speech in telling the defendants not to enter her home and to stop tackling her to the ground, the defendants conspired to falsely and maliciously prosecute the plaintiff, by submitted false and misleading police reports, and by omitting material statements of fact and for otherwise fabricating MARONEY's, AGUILAR's and DOES 1 through 10, inclusive's police reports regarding the subject incident, in order to procure the bogus criminal prosecution of the plaintiff; to protect themselves from civil liability and obloquy.

80.    On or about July 29, 2016, Orange County Deputy District Attorney, Kristen Chenoweth, relying on the fabricated police reports authored by MARONEY and AGUILAR, filed bogus criminal charges against plaintiff Ashley Watts for alleged violations California Penal Code §§ 484(a)-488 (Petty Theft) and 647(f) (Public Intoxication), bearing Orange County Superior Court Case No. 16HM08588.

81.    Thereafter, on November 29, 2016, the Orange County District Attorney's Office dismissed that case against Ashley Watts in the interest of justice.

82.    Said criminal action was procured by all of said defendants, without probable cause, and with malice, and were terminated in the plaintiff's favor in a manner inconsistent with guilty; because the police audio recordings showed that MARONEY and AGUILAR and DOES fabricated their false allegations of criminal conduct by the plaintiff.

83.    Said defendants' action constituted a malicious criminal prosecution of the plaintiff, in violation of her First, Fourth and Fourteenth Amendment rights.

84.    As a direct and proximate result of the actions of said defendants complained of herein, plaintiff Ashley Watts was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) bail amounts, attorney's fees and

COMPLAINT FOR DAMAGES

associated litigation and other related costs; 4) served a sentence of ten days in jail for a crime plaintiff did not commit; and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00 each.

85.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial, in excess of $10,000,000.00.

### EIGHTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiff Against defendants AMERICAN GROUND TRANSPORTATION, INC. doing business as 24/7 Yellow Cab and doing business as 24/7 Taxi Cab, and KHANDANTABRIZI)**

86.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, inclusive, above, as if set forth in full herein.

87.  As complained of above, plaintiff Ashley Watts was unlawfully seized and arrested by MARONEY, AGUILAR and DOES 1 through 10, inclusive, pursuant to a private persons' arrest effected by defendant KHANDANTABRIZI as agent for defendant AMERICAN GROUND TRANSPORTATION, INC. on June 26, 2016.

88.  As complained of above, said defendants MARONEY, AGUILAR, HUGHES, COMTE, KHANDANTABRIZI as agent for AMERICAN GROUND TRANSPORTATION, INC., and DOES 1 through 10 had neither reasonable suspicion of criminality afoot about plaintiff Ashley Watts, nor probable cause to believe that plaintiff Ashley Watts had committed a crime.

89.    Defendants AMERICAN GROUND TRANSPORTATION, INC., KHANDANTABRIZI and DOES 1 through 10, inclusive, are liable to plaintiff

COMPLAINT FOR DAMAGES

for their false arrests / false imprisonments.

90.     As a direct and proximate result of the actions of AMERICAN GROUND TRANSPORTATION, INC., KHANDANTABRIZI and DOES 1 through 10, plaintiff Ashley Watts was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

91.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a)     For a judgment against all defendants for compensatory damages in an amount in excess of $5,000,000.00;

b)     For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

c)     For an award of reasonable attorney's fees and costs;

d)     For a trial by jury; and

e)     For such other and further relief as this honorable court deems just and equitable.

Dated: June 26, 2017

JERRY L. STEERING
Attorney for plaintiff
ASHLEY LAUREN WATTS

COMPLAINT FOR DAMAGES
22